Filed 6/23/25  P. v. Bugarin CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HECTOR BUGARIN,<br><br>    Defendant and Appellant. | B337425<br><br>(Los Angeles County<br>Super. Ct. No. PA044595) |

    APPEAL from an order of the Superior Court of Los Angeles County, Michael Terrell, Judge.  Affirmed with directions.

    Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

    Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kristin Inberg and Melanie Dorian, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

In 2006 Hector Bugarin pleaded no contest to two counts of attempted murder and admitted he personally and intentionally discharged a firearm.  In 2022 Bugarin filed a petition for resentencing under Penal Code section 1172.6.[1]  The superior court ruled Bugarin did not state a prima facie case for relief because the plea hearing transcript showed Bugarin was the actual shooter.  The court denied the petition without issuing an order to show cause.

Bugarin argues that his petition for resentencing satisfied the requirements for a prima facie showing under section 1172.6, that at the plea hearing Bugarin did not admit he was the actual perpetrator, and that we should not rely on the preliminary hearing transcript.  While this appeal was pending, but before Bugarin submitted his reply brief, the Supreme Court in *People v. Patton* (2025) 17 Cal.5th 549 (*Patton*) held the court can consider the preliminary hearing transcript in determining whether the petitioner has made a prima facie showing.  (*Id.* at p. 560.)  In his reply brief Bugarin does not attempt to distinguish *Patton*, but he requests that, if we are "inclined to affirm on the grounds that [Bugarin's] petition for resentencing as currently drafted does not make a prima facie showing of eligibility for relief," we give Bugarin the opportunity to file an amended petition.  As the Supreme Court has stated is appropriate, we direct the superior court to allow Bugarin, if he chooses, to file an amended petition.  Otherwise, we affirm.

---

[1]      Statutory references are to the Penal Code.

# FACTUAL AND PROCEDURAL BACKGROUND

A. *Bugarin Shoots Two Men, Pleads Guilty to Attempted Murder, and Admits Certain Allegations*

One afternoon in June 2003 Ernesto Flores was outside his house when he saw a neighbor's child throw a smoke bomb under the car of Ernesto's brother, Roberto.[2] Ernesto told Roberto what he had seen, and Roberto came outside and told Bugarin, who was the child's cousin, to tell the child to stop throwing smoke bombs at his car. Bugarin became angry, told Roberto he "had something for [Roberto] in the night," and drove away. Roberto and Ernesto also left.

That night Roberto and Ernesto returned to their house with a friend, George Moreno, and parked their car in the driveway. Roberto was in the driver's seat, Moreno was in the passenger seat, and Ernesto was in the back seat. Roberto saw Bugarin standing outside his cousin's house. Bugarin walked toward Roberto's car with a gun in his hand, reached through the sunroof, and shot Roberto. Moreno jumped out of the car and ran, and Bugarin shot Moreno three or four times. Bugarin got in his car and drove away.

In December 2006 Bugarin pleaded no contest to two counts of attempted murder. He also admitted allegations he personally and intentionally discharged a firearm, within the meaning of section 12022.53, subdivision (c). The trial court sentenced Bugarin to an aggregate prison term of 38 years. On

---

[2] The facts are from the testimony at the preliminary hearing, which under *Patton*, *supra*, 17 Cal.5th 549 the court can consider in determining whether the petitioner has made a prima facie showing for relief under section 1172.6. (*Patton*, at p. 564.)

count 1 the court imposed the upper term of nine years, plus 20 years for the firearm enhancement. On count 2 the court sentenced Bugarin to two years and four months (one-third the middle term), plus six years and eight months (one-third the middle term of 20 years) for the firearm enhancement.

B.     *The Superior Court Denies Bugarin's Petition for Resentencing Under Section 1172.6*

In 2022 Bugarin filed a petition for resentencing under section 1172.6, checking boxes on a form petition stating he was eligible for relief and asking the court to appoint counsel to represent him. The superior court appointed counsel, and the People filed a response to the petition. The People argued Bugarin was ineligible for relief because he was the "direct perpetrator" and the "sole defendant." The People attached the complaint, the information, and the transcript of the plea hearing. Citing the testimony at the plea hearing, the People argued Bugarin admitted he "personally and intentionally discharged a firearm when he committed the attempted murder upon Roberto Flores and George Moreno." In his reply brief, Bugarin argued "the plea and admissions taken alone" did not make him ineligible for relief.

The superior court ruled Bugarin was ineligible for relief as a matter of law and denied the petition without issuing an order to show cause. The court stated it had reviewed the pleadings and the transcript of the plea hearing, but did not review the police reports or the transcript of the preliminary hearing. The court stated: "What is most significant is he admitted on the change of plea transcript the personal use of a firearm for both [attempted murder] charges." The court also stated: "There were

4

no codefendants, and there was never any theory involving the situation where Mr. Bugarin was just an accomplice. Everything says he is the actual perpetrator." The court ruled: "There's been no prima facie showing, so there is no order to show cause that will be issued. The court finds the defendant is not eligible given the fact that he is the actual perpetrator, as reflected in the transcript of the change of plea." Bugarin timely appealed.

## DISCUSSION

A. *Applicable Law and Standard of Review*

Effective 2019, the Legislature substantially modified the law governing accomplice liability for murder by eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and significantly narrowing the felony-murder exception to the malice requirement for murder. (*Patton, supra*, 17 Cal.5th at p. 558; *People v. Arellano* (2024) 16 Cal.5th 457, 467-468; *People v. Curiel* (2023) 15 Cal.5th 433, 448-449; see *People v. Strong* (2022) 13 Cal.5th 698, 707-708 [felony murder]; *People v. Gentile* (2020) 10 Cal.5th 830, 842-843 [natural and probable consequences].) Section 188, subdivision (a)(3), now prohibits imputing malice based solely on a person's participation in a crime and requires proof of malice to convict a defendant of murder, except under the revised felony-murder rule. (§§ 188, subd. (a)(3), 189, subd. (e); *Patton*, at p. 558; *Arellano*, at pp. 467-468; *Curiel*, at p. 448.) Effective 2022, the Legislature amended section 1172.6 to apply to persons convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a); see *Patton*, at p. 558;

5

*People v. Delgadillo* (2022) 14 Cal.5th 216, 223, fn. 3; *People v. Rodriguez* (2024) 103 Cal.App.5th 451, 457.)

Section 1172.6 authorizes a person convicted of felony murder, murder under the natural and probable consequences doctrine, or attempted murder under the natural and probable consequences doctrine to petition the superior court to vacate the conviction and resentence the petitioner on any remaining counts if he or she could not now be convicted of murder or attempted murder because of the legislative changes to the definitions of murder. (See *People v. Arellano, supra*, 16 Cal.5th at pp. 468-469; *People v. Curiel, supra*, 15 Cal.5th at pp. 449-450.) If a section 1172.6 petition contains all the required information, the court must appoint counsel to represent the petitioner if requested. (§ 1172.6, subd. (b)(1)(A), (b)(3); *Patton, supra*, 17 Cal.5th at p. 563; *People v. Lewis* (2021) 11 Cal.5th 952, 962-963.) The People must file a response to the petition, the petitioner may file a reply, and the court must hold a hearing to determine whether the petitioner has made a prima facie showing he or she is entitled to relief. (§ 1172.6, subd. (c); *Patton*, at p. 556.)

In deciding whether the petitioner has made a prima facie showing for relief under section 1172.6, the court "looks beyond the face of the petition." (*Patton, supra*, 17 Cal.5th at p. 563.) The court may consider the record of conviction, including the "preliminary hearing transcript preceding a guilty plea" (*id.* at p. 568), which will "necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*People v. Lewis*, at p. 971; see *Patton*, at p. 563; *People v. Curiel, supra*, 15 Cal.5th at pp. 463-464.) "In

reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, at p. 972; see *Patton*, at p. 563.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to section 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record." (*Curiel*, at p. 463.) If "'the defendant has made a prima facie showing of entitlement to relief, "the court shall issue an order to show cause."'" (*People v. Arellano*, *supra*, 16 Cal.5th at p. 469.) "We apply de novo review on appeal from the court's denial of a petition for resentencing at the prima facie stage, including its determination that the record of conviction establishes the petitioner is not entitled to resentencing as a matter of law." (*People v. Jackson* (2025) 110 Cal.App.5th 128, 146; see *People v. Bodely* (2023) 95 Cal.App.5th 1193, 1200.)

B. *The Superior Court Did Not Err in Denying Bugarin's Petition, but Under* Patton *Bugarin May Have an Opportunity To Amend His Petition*

Where the record of conviction establishes a defendant convicted of attempted murder was the actual perpetrator, the defendant is ineligible for relief under section 1172.6 as a matter of law. (*People v. Muhammad* (2024) 107 Cal.App.5th 268, 282, review granted Feb. 19, 2025, S288860; *People v. Bodely*, *supra*, 95 Cal.App.5th at p. 1201; *People v. Hurtado* (2023) 89 Cal.App.5th 887, 893.) Here, all the evidence at the preliminary hearing pointed to Bugarin as the actual and only

7

shooter.[3]  Roberto and Ernesto were familiar with Bugarin because he visited his cousins, who were Roberto and Ernesto's neighbors.  Roberto and Ernesto had a confrontation with Bugarin earlier on the day of the shooting.  Roberto and Ernesto each identified Bugarin as the shooter, in a six-pack photographic lineup and at the preliminary hearing.[4]

As was the case in *Patton*, Bugarin "proffered a declaration with checkbox allegations of entitlement to relief" and relied "solely on the same checkbox allegations . . . to also make a prima facie showing."  (*Patton*, *supra*, 17 Cal.5th at p. 556.)  And as was the case in *Patton*, Bugarin's "plea to the section 12022.53, subdivision (c) enhancement for intentional discharge of a firearm in the commission of the attempted murder tended to corroborate" the evidence at the preliminary hearing that Bugarin was the "sole and direct perpetrator of the shooting." (*Patton*, at p. 563.)  In these circumstances, to avoid summary denial of the petition under section 1172.6 the petitioner must allege "specific facts that identify someone else as the direct perpetrator."  (*Patton*, at p. 567.)  Bugarin did not allege any such facts.  However, Bugarin asks us to direct the superior court to

---

[3]    We granted Bugarin's motion to augment the record with the transcript of the preliminary hearing.  Although the superior court did not rely on that transcript, we independently review the court's determination the record of conviction established Bugarin was not entitled to resentencing as a matter of law.  (See *People v. Jackson, supra*, 110 Cal.App.5th at p. 146.)

[4]    Moreno identified Bugarin in a photographic lineup and told police he and Bugarin had been arguing for several weeks before the shooting, but Moreno recanted his testimony at the preliminary hearing.

8

consider an amended petition, should he "seek to file one." That is what the Supreme Court in *Patton*, "out of an abundance of caution" (*id*. at p. 569), stated is the appropriate disposition, and what is the appropriate disposition here.

## DISPOSITION

The superior court is directed to consider an amended petition should Bugarin, within 30 days after this court issues its remittitur, seek to file one. The order is otherwise affirmed.


SEGAL, J.

We concur:


MARTINEZ, P. J.


STONE, J.

9